# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT VADOVSKY,** | : | CIVIL ACTION NO. 3:08-CV-1415 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JEFFREY S. TREAT and LAW OFFICES OF JEFFREY S. TREAT**, | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 21st day of September, 2010, upon consideration of the report of the magistrate judge (Doc. 54) recommending that defendants' motion (Doc. 47) for summary judgment pursuant to FED. R. CIV. P. 56(c) be granted, and upon further consideration of the objections (Doc. 61) to the report filed by plaintiff Robert Vadovsky ("Vadovsky"),[1] and the response (Doc. 62) filed by defendants, and, following an independent review of the record, it appearing that Vadovsky has failed to provide an

---

[1] Vadovsky's objections (Doc. 61) appear to take issue with the facts found by the magistrate judge report. The magistrate adopted defendants' version of the facts in full (see Doc. 54 at 3) after Vadovksy failed to submit a statement of material facts with references to the record in accordance with local rule and as required by court order issued on May 13, 2010. (See Doc. 53; L.R. 56.1 (statement of material facts supporting or opposing a motion "shall include references to the parts of the record that support the statements"); L.R. 7.8(a) ("[i]f counter statements of facts or questions involved are not filed, the statements of the moving party will be deemed adopted")). Allegations or denials in one's own pleadings are insufficient at the summary judgment stage to show a genuine issue for trial. FED. R. CIV. P. 56(e)(2). Vadovsky's objections to the magistrate judge report cite to exhibits attached to the objections. To the extent this is an attempt to comply with local rules for summary judgment motions and the court's prior order, the submission is untimely.

expert witness report[2] for his claims of legal malpractice, breach of contract, and breach of fiduciary duty,[3] and it further appearing that an expert witness report is necessary to prove the standard of care and a breach of said standard for legal malpractice,[4] see Storm v. Golden, 538 A.2d 61, 64 (Pa. Super. Ct. 1988) (necessity of expert testimony to establish legal malpractice), except in certain clear and obvious circumstances not present in the instant matter, see Rizzo v. Haines, 555 A.2d 58, 66 (Pa. 1989) (explaining

---

[2] Vadovsky has continued to insist that an expert witness report is not necessary and has asked the court to "go forward in [the] case without an expert witness and report." (See Doc. 45).

[3] Vadovsky's original complaint contained five causes of action: (1) legal malpractice; (2) breach of contract; (3) breach of fiduciary duty; (4) unjust enrichment; and (5) fraud (see Doc. 1); however, Vadovsky voluntarily withdrew his claims of fraud and unjust enrichment in his brief in opposition (Doc. 50 at 8-9) to defendants' motion for summary judgment.

[4] The magistrate judge correctly notes that Pennsylvania distinguishes between attorney malpractice claims in civil cases and criminal cases. (Doc. 54 at 7). Defendant-attorney Jeffrey S. Treat ("Treat") was hired by Vadovsky to defend Vadovsky in two criminal matters, the outcome of which was the dismissal of all criminal charges. (Id.) As such, a legal malpractice claim under the criminal case standard would fail. See Slaughter v. Rushing, 453 Pa. Super. 379, 383 (1996) (listing the elements of a legal malpractice claim in a criminal representation to include the requirement that "'but for' the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges").

The magistrate judge also proceeded to analyze Vadovsky's claims under the civil malpractice standard. (Doc. 54 at 8). Under the civil malpractice standard Vadovsky must prove: (1) the employment of the attorney or other basis for duty; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. Bailey v. Tucker, 621 A.2d 108, 112 (Pa. 1993); Storm v. Golden, 538 A.2d 61, 64 (Pa. Super. Ct. 1988) (citations omitted). The court agrees with the magistrate's report that under either standard Vadovsky fails to present evidence of any genuine issue as to any material fact, and defendants are entitled to judgment as a matter of law.

2

that "the ordinary experience and comprehension of lay persons" is sufficient where the issues are "simple, and the lack of skill obvious"),[5] and it further appearing that, with respect to the one claim in which an expert witness report would not be necessary,[6] Vadovsky has failed to set out a *prima facie* case by failing to show injury caused by the alleged malpractice, and the court finding that Vadovsky failed to put forth sufficient evidence that defendant Jeffrey S. Treat ("Treat") breached any fiduciary duties to Vadovsky, see Destefano & Associates, Inc. v. Cohen, No. 2775 June Term 2000, 2002 WL 1472340 at *3 (Pa. Comm. Pl. May 23, 2002) (citing Commonwealth Dep't of Transp. v. E-Z Parks, Inc., 620 A.2d 712, 717 (1993) (noting that to succeed on a breach of fiduciary duty claim plaintiff must show the existence of a fiduciary duty and a breach of that duty,

---

[5] Exceptions to the expert witness requirement in a legal malpractice action have been found to include breach of duty to investigate and inform client of settlement offers, Rizzo, 555 A.2d at 66-67, engaging in financial transactions with one's client, id. at 67, ministerial or administrative errors (Doc. 50 at 12), and missing filing and statute of limitations deadlines. Id. Vadovsky alleges breaches of the duties to advise and resolve disputes, and the duties of diligence and honest and timely dealings with one's client. These are not recognized, clear exceptions to the general requirement to present expert witness reports on the standard of care. Thus, "[w]hether [Treat] failed to exercise a reasonable degree of care and skill related to common professional practice . . . is a question of fact outside the normal range of the ordinary experience of laypersons," see Storm, 538 A.2d at 65, and expert testimony is necessary.

[6] Vadovsky alleges that Treat violated the "duty to properly maintain an escrow and account for payments made by Mr. Vadovsky to defendants, for the purposes of being paid to Claire Lee to settle the underlying dispute." (Doc. 1, ¶ 90(h)). The Pennsylvania Rules of Professional Conduct expressly state that "[w]henever a lawyer holds funds of a client or third person, the lawyer must maintain at least two accounts: one in which those funds are held and another in which the lawyer's own funds may be held." PA. R. PROF'L CONDUCT. R. 1.15 cmt. [1]. Therefore, a violation of said provision would be clear and not necessitate expert explanation. See Rizzo, 555 A.2d at 67 (expert testimony unnecessary where duty established by Code of Professional Responsibility).

3

and holding that a fiduciary duty is "a duty to act for someone else's benefit, while subordinating one's personal interest to that of the other person")),[7] and the court noting that there is no evidence that any contractual term between Vadovsky and Treat was breached,[8] and the court concluding that there is no genuine issue of material fact, and that defendants are entitled to judgment as a matter of law, it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 54) is ADOPTED.

2. Defendants' motion for summary judgment (Doc. 47) is GRANTED. See FED. R. CIV. P. 56(c).

3. The Clerk of Court is directed to enter JUDGMENT in favor of defendants and against plaintiff on all claims.

4. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[7] As the alleged breached duties are the same as the legal malpractice claim expert testimony would similarly be necessary to establish a breach. No expert report has been put forth; therefore, the claim cannot survive summary judgment.

[8] To succeed in a cause of action for breach of contract, Vadovsky must show: (1) existence of a contract and its essential terms, (2) a breach of duty imposed by the contract, and (3) damages. CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999). Vadovsky alleges Treat breached a contractual term to "defend[] plaintiff's interest in the dispute, and to take the necessary action to reach a settlement with Claire Lee." (Doc. 1 ¶ 97). Treat did reach a settlement in the Lee case resulting in the dismissal of all criminal charges. (Doc. 48 ¶¶ 16, 32-37).